## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOWARD GARDNER** | | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | | **JUDGE:** |
| | * | |
| **ENERGY MANAGEMENT** | | **MAGISTRATE:** |
| **COMPANY, LLC** | * | |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **HOWARD GARDNER**, who respectfully files the following Complaint for Damages and appropriate ancillary relief:

I.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333, the General Maritime Law, and/or 28 U.S.C. § 1331, the Outer Continental Shelf Lands Act ("OCSLA") 43 U.S.C. § 1331.  Venue is proper in accordance with 28 U.S.C. § 1391(b)1 and/or b(2).

II.

This case is brought pursuant to the Constitution and the laws of the United States of America and the State of Louisiana under the General Admiralty and Maritime Law, as well as a claim asserted pursuant to all laws of the State of Louisiana as surrogate federal law under OCSLA.

III.

Plaintiff, **Howard Gardner**, is a person of the full age of majority, domiciled in the City of Gulfport, State of Mississippi.

IV.

Defendant named herein is:

(1) **Energy Management Company L.L.C.,** a domestic limited liability company, authorized to do and doing business in the State of Louisiana, with its domicile located at the following address: 110 East Edwards Street, Erath, LA 70533.

V.

Defendant, **Energy Management Company L.L.C.** (**"EMC"**) engages in the for-profit business of providing marine and other offshore oil and gas related work personnel to oil and gas operators on production and drilling facilities and vessels around the globe, including throughout the Gulf of Mexico.

VI.

Defendant is truly and justly indebted to Plaintiff herein for any and all damages sustained as a result of an incident that occurred during a personnel basket transfer from a vessel in navigable waters onto a fixed platform in the territorial waters of the United States of America, State of Louisiana, on or about February 4, 2024.

VII.

On or about February 4, 2024, Plaintiff was working for his employer, Talos Energy, Inc. ("Talos") as a Production Operator aboard the Ship Shoal 114A platform in the Gulf of Mexico on the Outer Continental Shelf.

VIII.

Upon further information and belief, employees of defendant, **EMC,** were also working on the same referenced platform and/or rig at all times pertinent herein, and defendant **EMC** also provided personnel to assist in said operations.

IX.

On the date and time in question, while Plaintiff was being transferred via personnel basket

2

from a vessel, believed to be named the M/V GRANT, to the above-referenced platform, suddenly and without warning, the personnel basket abruptly dropped several feet, causing it to crash down on a crane muffler rather than land safely and flush on to the deck of the platform. The back side of Plaintiff's body also violently impacted with the guard railing of an air compressor during the fall. The accident caused Plaintiff to suffer severe and disabling injuries to his mind and body, including but not limited to his lower back and neck, and plaintiff was flown back to shore via medical helicopter in order to obtain emergency medical treatment for his injuries.

## X.

Plaintiff alleges that a legal cause of the aforementioned accident and injuries was the negligence of defendant, **EMC**, and its employes, and that said acts of negligence arose out of the defendant's actions and/or inactions in the following non-exclusive particulars:

a) Negligent flagman and/or signalman and/or spotter operations;

b) Failing to control and/or properly utilize the tagline of the personnel basket;

c) Creating and/or allowing an unsafe condition and/or work environment;

d) Disregarding rules and/or regulations created for the safety of workers aboard the platform;

e) Failing to properly monitor its workers in making them utilize all equipment safely;

f) Failing to properly train its flagmen / signalmen / spotters;

g) Failing to take proper safety precautions;

h) Negligently failing to warn the plaintiff of the dangerous and hazardous conditions as aforesaid;

i) Failing to see what should have been seen and do what should have been done in order to prevent the accident sued upon herein;

j)  Failing to properly supervise the tasks being performed;

k)  Failing to properly train its employees to perform all tasks safely and with regard to the safety of others;

l)  Failing to use reasonable safe means and methods to perform the job in question;

m)  Failing to properly maintain the work area in question;

n)  Failing to provide adequate manning for the tasks at hand;

o)  Failing to provide a proper lookout or spotter;

p)  Failing to provide a proper flagman or signal man to safely support the tasks at hand;

q)  Failing to provide proper safety equipment;

r)  Failing to properly equip its workers;

s)  Failing to properly man, provision, maintain and operate all equipment and appurtenances;

t)  Failing to properly and reasonably select and implement an overall plan to complete the tasks at hand in a safe and non-hazardous manner;

u)  Failing to ensure that all working areas involved were in all respects safe;

v)  Failing to devise and implement an adequate safety protocol and safety watch;

w)  Failing to provide guidance, evaluation, training, and supervisory instruction;

x)  Failing to properly and safely implement guidelines, policies, rules, regulations, procedures, practices and policies with respect to the hiring, training, supervision, control and direction of their crew;

y)  Failing to comply with OSHA; United States Coast Guard and other Federal and State rules and regulations with regard to hiring, training, supervising, equipment; operations and crew;

z) Failing to adequately inspect the condition of the crane and/or personnel basket and/or tagline; and

aa) Other acts of negligence to be shown at the trial on the merits.

### XI.

Plaintiff, Howard Gardner, was not negligent in any way, and did not contribute to the accident complained of herein.

### XII.

Plaintiff further affirmatively pleads the doctrine of *res ipsa loquitur* in that the accident and injuries and damages would not have occurred in the absence of the negligence of defendant.

### XIII.

Defendant is additionally liable for the acts of its employees and agents, acting within the scope of their employment or agency under any theory of *respondeat superior* applicable under the facts of this case.

### XIV.

As a result of the accident described herein, Plaintiff, Howard Gardner, has incurred the following non-exclusive damages:

a.  Past and future lost wages;

b.  Impairment of future earning capacity and other economic damages;

c.  Past and Future physical pain and suffering;

d.  Past and Future mental and emotional pain and suffering;

e.  Past and future medical expenses;

f.  Loss of enjoyment of life;

g.  Disfigurement;

h.  Disability from engaging in recreation; and

i.  Other elements of damages to be shown at the trial of this matter.

XV.

Plaintiff herein prays for a trial by jury on all issues raised.

**WHEREFORE,** Plaintiff, **HOWARD GARDNER**, prays that defendant, **ENERGY MANAGEMENT COMPANY, LLC** be served with a certified copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgement rendered in favor of Plaintiff and against defendant for all damages that are reasonable in the premises together with legal interest and for all costs of these proceedings; and

Finally, Plaintiff prays for all general and equitable relief to which he may otherwise be entitled.

Dated: January 3, 2025                         Respectfully submitted,

*/s/ J. Christopher Zainey, Jr.*
_____
J. Christopher Zainey, Jr. (#32022)
Hugh P. Lambert (#7933)
Jacki L. Smith (#34769)
LAMBERT, ZAINEY, SMITH, & SOSO, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
czainey@lambertzainey.com
hlambert@lambertzainey.com
jsmith@lambertzainey.com
*Attorneys for Plaintiff, Howard Gardner*