**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **HOWARD GARDNER** | * | **CIVIL ACTION NO. 6:25-cv-00006** |
| *Plaintiff* | * | |
| | * | **JUDGE DAVID C. JOSEPH** |
| **VERSUS** | * | |
| | * | **MAGISTRATE DAVID J. AYO** |
| **ENERGY MANAGEMENT** | * | |
| **COMPANY, LLC** | * | |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant, Energy Management Company, LLC ("EMC"), submits this Answer, Affirmative Defenses, and Jury Demand to the Complaint for Damages (R. Doc. 1) ("Complaint") filed by Plaintiff, Howard Gardner, and respectfully represents as follows:

### ANSWER

In response to the specific allegations of the Complaint, and without waiving any defenses, EMC avers, upon information and belief, as follows:

1.

It is admitted that this Honorable Court has jurisdiction over the plaintiff's claims, and that venue is proper. The allegations contained in Paragraph 1 of the Complaint are denied to the extent they assert or suggest any liability against EMC.

2.

The allegations contained in Paragraph 2 of the Complaint are not directed to EMC and therefore do not require a response from EMC. To the extent a response is required, the

allegations contain improper conclusions of law and are denied on this basis and otherwise for lack of sufficient information to support a belief therein.

3.

Except to admit that Plaintiff is a person of the full age of majority, the allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to support a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

Except to admit that EMC is engaged in work in the oil and gas industry, including at offshore exploration and production facilities, the allegations contained in Paragraph 5 of the Complaint are denied as written.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

7.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to support a belief therein.

8.

Except to admit that EMC had employees on the Ship Shoal 114A Platform ("Platform") on February 4, 2024, the allegations contained in Paragraph 8 of the Complaint are denied as written.

2

9.

Except to admit that an alleged incident was reported regarding a personnel basket transfer on the Platform on February 4, 2024, the allegations contained in Paragraph 9 of the Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Complaint, including all subparts thereto (a. through z. and aa.), are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Complaint, including all subparts thereto (a. through i.), are denied.

15.

Plaintiff's jury demand contained in Paragraph 15 of the Complaint is not directed to EMC and therefore does not require a response from EMC. To the extent a response is required, EMC also prays for and is entitled to a trial by jury on all issues herein.

16.

The allegations contained in the unnumbered paragraph of the Complaint beginning with the word "**WHEREFORE**," along with the following prayer for relief beginning with the word "Finally," are denied.

**AFFIRMATIVE DEFENSES**

AND NOW, in further responding to Plaintiff's Complaint, EMC pleads the following affirmative defenses.

FIRST DEFENSE

The Complaint fails to state a claim against EMC upon which relief may be granted under applicable law.

SECOND DEFENSE

Plaintiff has no cause and/or right of action against EMC under any applicable law.

THIRD DEFENSE

Plaintiff's alleged damages did not result in whole or in part from any alleged action or inaction by EMC.

FOURTH DEFENSE

EMC exercised care at all times and is free of negligence.

FIFTH DEFENSE

EMC pleads any defenses available pursuant to the terms, conditions, warranties, limitations, duties, and work arrangements contained in any contracts between EMC and any other party and/or third party related to the allegations in this lawsuit or in the work/operations at issue, and/or any contracts between any parties and/or third parties related to the allegations in this lawsuit or the work/operations at issue.

## SIXTH DEFENSE

EMC cannot be held liable unto Plaintiff, as EMC, at any time pertinent hereto, acted reasonably and prudently under the circumstances and was at all times material hereto in compliance with all applicable state and federal laws and regulations.

## SEVENTH DEFENSE

Plaintiff's claims are preempted, in whole or in part, by the Occupational Health and Safety Administration ("OSHA") and/or Bureau of Safety and Environmental Enforcement ("BSEE") regulations and other applicable federal laws and/or regulations.

## EIGHTH DEFENSE

The claims and causes of action asserted by Plaintiff against EMC are barred because the alleged damages were caused by the sole fault and/or negligence of Plaintiff, whose fault and/or negligence precludes recovery herein. Plaintiff's fault and/or negligence include the following list of non-exclusive particulars:

1. failing to observe and follow instructions, policies, directives, and warnings of his employer(s) and/or supervisor(s);

2. failing to avoid known and obvious dangers;

3. failing to take necessary and adequate steps to ensure his safety;

4. engaging in unsafe work practices;

5. failing to see what he should have seen;

6. failing to act in a reasonable fashion given the circumstances then existing;

7. failing to heed and/or read warnings and signals;

8. ignoring readily apparent warnings;

9. neglecting to follow, abide, and implement proper protection;

10. failing to wear and use available safety equipment, protective equipment, and/or protective apparel; and,

11. any and all acts of negligence that may be proven at the trial of this matter.

NINTH DEFENSE

The claims and causes of action asserted by Plaintiff against EMC are due to the contributing and/or comparative fault and/or negligence of the Plaintiff, whose fault and/or negligence reduce the amount of recoverable damages, if any. Fault, negligence, and/or liability are denied as to EMC. Plaintiff's fault and/or negligence include the following non-exclusive particulars:

1. failing to observe and follow instructions, policies, directives, and warnings of his employer(s) and/or supervisor(s);

2. failing to avoid known and obvious dangers;

3. failing to take necessary and adequate steps to ensure his safety;

4. engaging in unsafe work practices;

5. failing to see what he should have seen;

6. failing to act in a reasonable fashion given the circumstances then existing;

7. failing to heed and/or read warnings and signals;

8. ignoring readily apparent warnings;

9. neglecting to follow, abide, and implement proper protection;

10. failing to wear and use available safety equipment, protective equipment, and/or protective apparel; and,

11. any and all acts of negligence that may be proven at the trial of this matter.

TENTH DEFENSE

If Plaintiff has suffered damages, which are denied, occasioned by the fault and/or negligence of anyone other than Plaintiff, then such damages were caused by the sole fault and/or negligence of persons, entities, and/or a third party or third parties over whom/which EMC had no responsibility, authority, or control, and for which they have no direct or vicarious liability. Such fault and/or negligence of persons, entities, and/or a third party or third parties over whom/which EMC had no responsibility, authority, or control, and for which they have no direct or vicarious lability, precludes any recovery sought by Plaintiff against EMC. Further, fault, negligence, and/or liability are denied as to EMC.

ELEVENTH DEFENSE

If Plaintiff has suffered damages, which are denied, occasioned by the fault and/or negligence of anyone other than, or in addition to, Plaintiff, then such damages were contributed to by the fault and/or negligence of persons, entities, and/or a third party or third parties over whom/which EMC had no responsibility, authority, or control, and for which they have no direct or vicarious lability. Should the fault and/or negligence of persons, entities, and/or a third party or third parties result in any liability of EMC, which is denied, such liability should be subject to a reduction, credit, and/or setoff/offset to the extent of the contributing and/or comparative fault, and/or negligence, of such person, entities, third party, and/or third parties over whom/which EMC had no responsibility, authority, or control. Additionally, such contributing and/or comparative fault, and/or negligence, of such persons, entities, and/or a third party or third parties reduce the amount of recoverable damages of Plaintiff, if any exist. Further, fault, negligence, and/or lability are denied as to EMC.

7

## TWELFTH DEFENSE

The alleged incident at issue was caused by the creation of a "sudden emergency," which was not the making of EMC, was not intentional, and which absolves EMC of any and all purported fault and liability.

## THIRTEENTH DEFENSE

If Plaintiff has suffered damages, which is denied, occasioned by the fault and/or negligence of anyone other than, or in addition to, Plaintiff, then such purported damages, if any, are barred, or alternatively reduced to the extent Plaintiff failed to mitigate his damages.

## FOURTEENTH DEFENSE

The claims, causes of action, and/or purported damages asserted by Plaintiff are barred, or alternatively reduced, to the extent that same was the result of his pre-existing medical conditions or other causes or injuries experienced by Plaintiff, or by genetics or lifestyle, over which EMC had no control and for which EMC is not responsible and may not be held liable, and/or which are completely unrelated to the alleged incident sued upon herein.

## FIFTHTEENTH DEFENSE

In the event this Court finds any fault, negligence, and/or liability on the part of EMC, which is denied, EMC may be entitled to a credit and/or setoff/offset to the extent of any payments made to the Plaintiff by any source, the amount of any workers' compensation payments made to Plaintiff, and/or any other collateral sources, and EMC pleads the extinguishment, alternatively reduction, of any obligation to Plaintiff to the extent of such payments.

## SIXTEENTH DEFENSE

Plaintiff had actual and/or constructive knowledge of the hazards around which he may have worked during the course of his subject employment.

## SEVENTEENTH DEFENSE

To the extent EMC owed any duty to Plaintiff, which is denied, EMC did not breach any such duty.

## EIGHTEENTH DEFENSE

EMC denies that a causal connection exists between any alleged action or inaction, or any conditions created or allowed to exist, by EMC and any alleged damages suffered by Plaintiff.

## NINETEENTH DEFENSE

Plaintiff was not conducting himself in the manner of a capable laborer as he represented himself to be in that he was not being observant of open, obvious, and/or well-known hazards, dangers, and/or risks, was not taking due regard for his own safety, and was not requesting or using proper and available equipment or procedure to do the tasks assigned to him.

## TWENTIETH DEFENSE

To the extent applicable, if Plaintiff sustained any injury, which is denied, then his injuries occurred while he was an employee of another entity over which EMC had no responsibility, supervision, or control, and/or his injuries were sustained as a result of hazards or conditions over which EMC had no *garde*.

## TWENTY-FIRST DEFENSE

EMC fulfilled any obligation it may have had to provide warnings to Plaintiff. Plaintiff was reasonably and adequately warned of all the alleged risks, if any, and had actual,

constructive, or imputed knowledge of the risks and hazards, if any, to which Plaintiff was allegedly exposed.

### TWENTY-SECOND DEFENSE

The alleged damages were caused by remote, unrelated, and/or unforeseeable causes and cannot form the basis for recovery against EMC.

### TWENTY-THIRD DEFENSE

The alleged injuries, losses, and/or damages, if any, may be attributable to an act of nature, an act of God, *force majeure* event, or were otherwise unavoidable. Such intervening causes bar or, in the alternative, reduce any recovery that Plaintiff might otherwise be entitled to against EMC.

### TWENTY-FOURTH DEFENSE

Plaintiff's failure to take the necessary precautions, including failing to heed and/or read warnings and/or ignoring readily apparent warnings and neglecting to follow, abide, and implement the proper protection constitute contributory negligence on his part, which is a complete bar to recovery.

### TWENTY-FIFTH DEFENSE

If Plaintiff sustained injuries as alleged, which is denied, Plaintiff voluntarily assumed the risk of incurring whatever damages incurred by unnecessarily allowing himself to be exposed to the materials alleged, and such assumption of the risk, contributory or comparative negligence, or victim fault, bars or diminishes any recovery to which Plaintiff might otherwise be entitled.

### TWENTY-SIXTH DEFENSE

Plaintiff had actual knowledge of the hazards associated with the work, conditions, and/or gear and equipment with which he may have worked at issue in this lawsuit.

### TWENTY-SEVENTH DEFENSE

If Plaintiff sustained damages as alleged, which is denied, the damages were the result of intervening and/or superseding acts or omissions of others over whom EMC had no control or right of control, and not as a result of acts or omissions by or of EMC, thereby precluding Plaintiff from recovering any damages against EMC.

### TWENTY-EIGHTH DEFENSE

EMC asserts that Plaintiff's sole remedy, if any, lies exclusively under the Outer Continental Shelf Lands Act.

### TWENTY-NINTH DEFENSE

Plaintiff's claims against EMC are precluded by the exclusivity provisions of the Longshore Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*

### THIRTIETH DEFENSE

In the event Plaintiff's claims against EMC are not precluded by the LHWCA, EMC specifically avers that the injuries and damages alleged by Plaintiff were in no way the result of any action or inaction by EMC.

### THIRTY-FIRST DEFENSE

EMC took all necessary steps which were reasonable under the circumstances to protect all individuals against any hazard.

## THIRTY-SECOND DEFENSE

To the extent the allegations did occur, which is denied, EMC did not know and, with the exercise of reasonable diligence, could not have known of the existence of the hazards alleged.

## THIRTY-THIRD DEFENSE

To the extent the allegations did occur, which is denied, the hazards cited in the Complaint were the result of an isolated and unforeseen occurrence.

## THIRTY-FOURTH DEFENSE

EMC acted with due diligence to comply with all regulatory requirements.

## THIRTY-FIFTH DEFENSE

EMC acted with reasonable prudence, having no reason to anticipate the existence of any hazard.

## THIRTY-SIXTH DEFENSE

EMC denies that it, or anyone for whom it may be responsible, is guilty of any negligence, intentional fault, strict liability, want of due care, or other legal fault constituting proximate cause of the alleged acts in question.

## THIRTY-SEVENTH DEFENSE

The accident and injuries alleged by Plaintiff resulted wholly or in part from his own fault, breach of duty, lack of proper care, and/or negligence, which serves as a bar to or in diminution of any recovery herein.

## THIRTY-EIGHTH DEFENSE

The accident and injuries alleged by Plaintiff resulted wholly or in part through the fault, negligence, and strict liability of persons for whom EMC cannot lawfully be held liable or responsible, which serves as a bar to or in diminution of any recovery herein.

### THIRTY-NINTH DEFENSE

Plaintiff's alleged damages are purely speculative and conjectural, and no recovery can be had as a result.

### FORTIETH DEFENSE

EMC further pleads the affirmative defenses of waiver, estoppel, prescription, laches, and the applicable statute of limitations.

### FORTY-FIRST DEFENSE

Plaintiff failed to take adequate precaution against known risks and hazards, and thus assumed the risk of injury.

### FORTY-SECOND DEFENSE

If Plaintiff should effect recovery herein, his claims should be reduced in proportion to the negligence or fault attributable to any third person or parties.

### FORTY-THIRD DEFENSE

Plaintiff's claims against EMC are barred, in whole or in part, by the applicable prescriptive and/or peremptive period under Louisiana law and/or any other applicable statute(s) of limitations.

### FORTY-FOURTH DEFENSE

Plaintiff has waived his claims against EMC, or alternatively, his claims are barred by the doctrine of laches or estoppel.

### FORTY-FIFTH DEFENSE

Insofar as there was no concert of action between EMC and any other party, EMC may not be held jointly and severally liable.

FORTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata*, collateral estoppel, issue preclusion, and/or claim preclusion.

FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the Risk/Utility Doctrine.

FORTY-EIGHTH DEFENSE

Plaintiff's claims are governed by Louisiana's comparative negligence fault and damages apportionment regime. Accordingly, EMC avers that the fault of Plaintiff, any potential co-defendant, any third parties, and/or immune entities operates to reduce any recovery that Plaintiff may otherwise be entitled to from EMC.

FORTY-NINTH DEFENSE

To the extent it is established that Plaintiff did not reasonably rely on any representation, disclaimer, warning, act, or omission of EMC, Plaintiff's claims against EMC must be reduced or barred.

FIFTIETH DEFENSE

Plaintiff's alleged damages were caused by remote, unrelated, and/or unforeseeable causes, and cannot form the basis for recovery against EMC.

FIFTY-FIRST DEFENSE

The imposition of liability against EMC under the circumstances of this case constitutes a deprivation without due process of law in violation of the Constitution of the United States of America and the Constitution of the State of Louisiana.

## FIFTY-SECOND DEFENSE

Any claim based on any theory of strict liability, or liability without fault, constitutes a deprivation without due process of law in violation of the Constitution of the United States of America and the Constitution of the State of Louisiana.

## FIFTY-THIRD DEFENSE

To the extent applicable, EMC pleads failure to join indispensable/necessary parties.

## FIFTY-FOURTH DEFENSE

To the extent applicable, EMC pleads improper cumulation/joinder of claims.

## FIFTY-FIFTH DEFENSE

EMC further asserts that all applicable foreign, statutory, and/or common-law limitations on the amount of recovery of either actual or punitive damages should apply to the recovery sought by Plaintiff in this action, including, but not limited to, the prohibitions on punitive damages and non-pecuniary damages under the applicable law on exemplary damages and loss of consortium.

## FIFTY-SIXTH DEFENSE

Any EMC employee  who may have been involved in the alleged incident is a borrowed employee, or, alternatively, is a co-employee, of Plaintiff, for which any tort recovery against EMC is precluded.

## FIFTY-SEVENTH DEFENSE

The Complaint fails to provide any specific factual allegations pertaining to any alleged acts or omissions of EMC.

### FIFTY-EIGHTH DEFENSE

EMC explicitly reserves the right to amend and/or supplement its answer and/or add additional defenses, affirmative defenses, cross-claims, counterclaims, or third-party demands as merited by further investigation and discovery.

### FIFTY-NINTH DEFENSE

If, at any time relevant to this matter, Plaintiff was a Medicaid or Medicare recipient and Plaintiff's medical providers agreed to accept Medicaid or Medicare in exchange for treating Plaintiff, Plaintiff is prohibited from introducing the initial, gross amount of those medical bills at trial. Instead, Plaintiff is permitted to only introduce the amount actually paid by Medicare or Medicaid at trial.

### SIXTIETH DEFENSE

If Plaintiff was injured, which is specifically denied, he has reached maximum medical improvement, and any present medical care is merely palliative. It is also affirmatively asserted that any current condition was pre-existing, not properly disclosed to Plaintiff's employer, misrepresented, and/or concealed from Plaintiff's employer, and, if known, such medical condition may have prevented his employment or otherwise may prevent Plaintiff from recovering any damages under all or part of the claims asserted in the Complaint.

### SIXTY-FIRST DEFENSE

Granting the relief sought by Plaintiff would result in unjust enrichment.

### SIXTY-SECOND DEFENSE

EMC avers that, subsequent to Plaintiff's alleged incident, he reached maximum medical cure and was capable of returning to work.

SIXTY-THIRD DEFENSE

Plaintiff has failed to follow medical advice, and this failure is the cause of all of his alleged medical conditions.

SIXTY-FOURTH DEFENSE

To the extent applicable, EMC pleads the statutory employer defense, making Plaintiff's exclusive remedy workers' compensation.

SIXTY-FIFTH DEFENSE

To the extent applicable, EMC pleads the borrowed servant doctrine, making Plaintiff's exclusive remedy workers' compensation.

SIXTY-SIXTH DEFENSE

To the extent applicable, EMC pleads the two-contract theory / second contract theory.

**RESERVATION OF RIGHTS**

EMC reserves its right to modify and assert additional affirmative defenses that it deems necessary to its defenses during or upon the conclusion of its investigation and discovery in this matter.

**JURY DEMAND**

EMC demands a trial by jury on all issues so triable in this matter.

**WHEREFORE**, Defendant, Energy Management Company, LLC, prays that this Answer, Affirmative Defenses, and Jury Demand be deemed good and sufficient, and after the lapse of all legal delays and due proceedings had, that the Court enter judgment in favor of EMC and against Plaintiff, with all costs and fees assessed against him [Plaintiff], and for all other legal and equitable relief that EMC is entitled.

17

Respectfully submitted,

*/s/ Frederick W. Swaim III*
FREDERICK W. SWAIM III (#28242)
BRENDAN N. HUGHES (#39715)
GALLOWAY, JOHNSON, TOMPKINS, BURR &
SMITH
701 Poydras Street, Suite 4000
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
fswaim@gallowaylawfirm.com
bnhughes@gallowaylawfirm.com
Counsel for *Energy Management Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Western District of Louisiana using the CM/ECF system.

*/s/ Frederick W. Swaim III*
**FREDERICK W. SWAIM III**